```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARJORIE ST. LEGER

                Plaintiff,
                                        MEMORANDUM AND ORDER
   -against-                            04-CV-4913(JS)(ARL)

JO ANNE B. BARNHART, Commissioner
of Social Security,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff          Sharmine Persaud, Esq.
                       1105 Route 110
                       Farmingdale, NY 11735-4818

For Defendant          Karen T. Callahan, Esq.
                       United States Attorneys Office
                       One Pierrepont Plaza
                       Brooklyn, NY 11201
```

SEYBERT, District Judge:

Presently pending before this Court is Plaintiff's petition for attorneys' fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The Commissioner of Social Security ("Commissioner") filed a memorandum in partial opposition to Plaintiff's motion on March 13, 2006, challenging attorneys' fees for time spent after the Commissioner had offered to remand the case. Plaintiff filed a reply on October 3, 2006. For the reasons discussed herein, Plaintiff's petition is GRANTED.

BACKGROUND

The following facts are relevant to the pending motion. For a more detailed account of the facts and the underlying determination, the parties are referred to this Court's December 7,

2005 Order ("2005 Order").

Plaintiff commenced this action on November 12, 2004 pursuant to 42 U.S.C. § 405(g), challenging a final determination by the Commissioner denying her application for disability insurance benefits. On March 11, 2005, the Commissioner proposed to remand the action to the Social Security Administration for further administrative proceedings. (Docket Entry 7; Pl.'s Reply Ex. A.) Plaintiff refused the remand offer, as presented by the Commissioner, and instead began preparing a motion for judgment on the pleadings, which she filed on May 9, 2005. (Docket Entries 9-10.) The Commissioner sent a letter to Plaintiff, dated May 5, 2005, referencing a notice of motion for remand, which was filed with the Court on August 3, 2005. (Docket Entries 8, 12-13.) Although counsel for the Commissioner mailed the motion to remand to Plaintiff prior to Plaintiff's filing of her motion for judgment on the pleadings, it does not appear that Plaintiff received the Commissioner's notice of motion, or memorandum of law in support thereof, until after Plaintiff's counsel completed work on the motion for judgment on the pleadings. (Pl.'s Reply 2; Docket Entries 12-13 (indicating that the Commissioner's notice of motion and brief were not filed with the Court until August 3, 2005).)

In the motion to remand, the Commissioner conceded that the Administrative Law Judge's ("ALJ") decision contained errors. Namely, the Commissioner recognized that "the ALJ's decision does

2

not adequately reflect the limitations resulting from plaintiff's mental impairment and to what extent these limitations impact her ability to perform work activity." (Def.'s Mot. to Remand 12.) Furthermore, the Commissioner noted that the ALJ erred "when, at the fifth step of the sequential analysis, he applied Medical Vocational Rules 202.20 through 202.02 (Tr. 18) which were inapplicable in a situation such as this involving both exertional and nonexertional limitations." (Def.'s Mot. to Remand 13.) As a result, the Commissioner requested that the case be reversed and remanded for further administrative proceedings.

Plaintiff sought to have this Court reverse the ALJ's decision and remand for the payment of benefits. Alternatively, if the Court decided not to remand for the payment of benefits, Plaintiff urged the Court to remand with certain specific instructions: (1) reassess Plaintiff's residual functional capacity; (2) comply with 20 C.F.R. § 404.1520a in evaluating Plaintiff's mental impairments; (3) obtain testimony from a vocational expert regarding whether there is other work in the national economy that Plaintiff could perform; and (4) impose a time limit for the remand proceeding. (Pl.'s Mot. Judg. on Pleadings 2.)

As set forth in the 2005 Order, this Court reversed and remanded the case to the Commissioner to further develop the record and apply the correct legal standards consistent with the Order.

(2005 Order 14.) Specifically, the Court found two errors in the ALJ's findings: (1) the ALJ did not utilize the special technique required by 20 C.F.R. § 404.1520a in evaluating the severity of Plaintiff's mental impairment; and (2) the ALJ applied the wrong legal standard at the fifth step of his analysis. (2005 Order 9.)

With respect to the first error, the ALJ failed to discuss the limitations of Plaintiff's mental impairment and did not document use of the special technique as required by 20 C.F.R. § 404.1520a(e). As a result, the Court could not conclusively determine that the severity of Plaintiff's mental impairment was properly analyzed. (2005 Order 10-11.) With respect to the fifth step in the ALJ's analysis, this Court held that because the ALJ found Plaintiff to be severely impaired due to both exertional and nonexertional imitations, the ALJ should not have directly applied Rules 202.20-202.22, which apply when the limitations are exclusively exertional. (2005 Order 12-13.) As the Court explained, the "re-evaluation at the fifth step of the analysis, however, can only occur after the ALJ properly develops the record and applies the correct technique as to the severity of Plaintiff's mental impairments." (2005 Order 13.) Consequently, the Court reversed and remanded the action to the Commissioner to further develop the record and apply the correct legal standards.

Plaintiff now seeks attorneys' fees totaling $5,703.00 for 35.9 hours billed at a rate of $155.35 for hours billed in 2004

and $159.60 for hours billed in 2005 and 2006. Additionally, Plaintiff seeks costs of $150.00 for the filing fee. The Commissioner does not challenge Plaintiff's right to collect attorney's fees and costs or the hourly billing rate; rather, the Commissioner urges this Court to significantly reduce the award of attorneys' fees based on excessive and unnecessary hours spent on opposing the Commissioner's motion to remand.

DISCUSSION

I.  Legal Standard Under EAJA

Under Section 2412(d) of the EAJA, a prevailing party other than the United States in "any civil action (other than cases sounding in tort) . . . brought by or against the Unites States" is entitled to an award of attorneys' fees and expenses incurred "unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA further provides that a court has the discretion to reduce or deny an award if the "prevailing party during the course of the proceedings engaged n conduct which unduly or unreasonably protracted the final resolution of the matter in controversy." Id. § 2412(d)(1)(C).

The focus of the parties' dispute over the requested attorneys' fees lies in the last clause of the statute: whether there are "special circumstances" making the award "unjust." Id. § 2412(d)(1)(A). When determining whether special circumstances

exist, courts look to equitable principles. See McKay v. Barnhart, 327 F. Supp. 2d 263, 267 (S.D.N.Y. 2004). As the Second Circuit has advised,

> where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just.

United States v. 27.09 Acres of Land, 43 F.3d 769, 773 (2d Cir. 1994).

One example of special circumstances arises when the litigant has rejected an offer to remand by the Commissioner. See McKay, 327 F.Supp. 2d at 268 (collecting cases). In such a situation, some courts have refused to grant attorney's fees for time expended after the offer to remand was made. See McLaurin v. Apfel, 95 F. Supp. 2d 111, 116 (E.D.N.Y. 2000); McKay, 327 F.Supp. 2d at 269; Collado v. Apfel, No. 99-CV-4110, 2000 U.S. Dist. LEXIS 12923, at *8 (S.D.N.Y. Sept. 6, 2000); but see Antonetti v. Barnhart, 438 F. Supp. 2d 145, 148 (W.D.N.Y. 2006) (awarding plaintiff full attorneys' fees for time spent on opposition to motion to remand where, through the opposition, plaintiff "obtained favorable and significant specific directives") (internal quotation marks omitted). Notably, however, courts in this district have held that "there is no justification for automatically striking the majority of hours claimed by counsel as a penalty for not agreeing

to an offer of voluntary remand." Ferguson v. Apfel, No. 98-CV-3278, 2000 U.S. Dist. LEXIS 7223, at *8 (E.D.N.Y. Apr. 17, 2000); see also Pazo v. Apfel, No. 98-CV-5535, 2001 U.S. Dist. LEXIS 17423, at *3 (E.D.N.Y. March 30, 2001). Rather, the specific facts of the case must be examined. See Ferguson, 2000 U.S. Dist. LEXIS 7223, at *5.

When determining the appropriate award of attorneys' fees, courts focus on the reasonableness of the litigant's opposition to the offer to remand. See Ferguson, 2000 U.S. Dist. LEXIS 7223, at *3 ("plaintiff should only be denied fees if the opposition to the proposed remand is unreasonable"); McLaurin, 95 F. Supp. 2d at 114-15 (analyzing whether plaintiff's time in opposing the motion to remand was reasonably expended); Antonetti, 438 F. Supp. 2d at 148 (holding time spent by plaintiff in opposing motion to remand was reasonable and should be compensated); McKay, 327 F. Supp. 2d at 268 (finding plaintiff's rejection of the offer to remand and arguments for reversal unreasonable in light of the record). Opposition to a voluntary remand is usually considered unreasonable if, "(1) it takes the form of a specious or meritless motion for judgment on the pleadings, . . . or (2) it is based on unreasonable requests for directives to be included in the remand order." Ferguson, 2000 U.S. Dist. LEXIS 7223, at *3-4 (internal quotation marks and citations omitted).

Related to the question of reasonableness, courts may

also consider the relief obtained by the plaintiff. See Ferguson, 2000 U.S. Dist. LEXIS 7223, at *5. "'If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount' even in a case where 'plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.'" McLaurin, 95 F. Supp. 2d at 114 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (alteration in original)). Even if the Court finds Plaintiff's time was reasonably spent, therefore, it "may adjust the presumptive fee award upward or downward to reflect the significance of the results obtained by the plaintiff." McLaurin, 95 F. Supp. 2d at 114 (citing Hensley, 461 U.S. at 434-36).

II. Reasonabless Of Plaintiff's Rejection Of Offer To Remand

At first glance, it may seem that Plaintiff's request for attorneys' fees should be reduced by the amount accrued for time spent after the Commissioner made the remand offer. See McLaurin, 95 F. Supp. 2d at 114 ("In cases in which the Commissioner suggests remand before the plaintiff files a motion for summary judgment and a remand is ultimately granted, at least some courts have found that the plaintiff's opposition was unreasonable or unnecessary.") Upon closer examination of the facts and sequence of events that transpired in this action, however, this Court finds the underlying action most similar to Pazo, and finds, in its discretion, that the

8

the fee requested is reasonable.  See Ferguson, 2000 U.S. Dist. LEXIS 7223, at *7 ("the reasonableness of a fee is a factual determination left to the discretion of the district court").

As reflected on the docket, the Commissioner made a voluntary offer to remand on March 11, 2005, the same day she filed an Answer to the Complaint.  (Docket Entries 5-7.)  Although the terms of the remand were not filed with the Court, Plaintiff attached the proposed Stipulation and Order of Remand to her reply memorandum.  (Pl.'s Reply Ex. A.)  The body of the proposed order reads as follows:

> IT IS HEREBY STIPULATED AND AGREED, by and between counsel for plaintiff, MARJORIE ST. LEGER, counsel for the defendant, JO ANNE B. BARNHART, THE COMMISSIONER OF SOCIAL SECURITY, that, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision is reversed, and plaintiff's claim is remanded for further administrative proceedings.

(Id. at 2.)  There is no indication that anything other than the foregoing was offered to Plaintiff.  Plaintiff chose not to accept the general and non-instructive remand offer and, instead, moved for reversal and remand for payment of benefits and, alternatively, remand for further administrative proceedings with specific directives.  As Plaintiff's counsel prepared her motion for reversal and remand, the Commissioner simultaneously prepared her motion for remand.  Accordingly, at the time Plaintiff's counsel prepared her motion, she was not aware of the specific terms of the Commissioner's offer to remand or the Commissioner's concessions

9

with respect to the errors made by the ALJ.  Under such circumstances, "Plaintiff's counsel should not be punished for successfully representing [her] client[']s interests and securing a remand order with greater safeguards" than those offered in the Stipulation and Order of Remand.  Pazo, 2001 U.S. Dist. LEXIS 17423, at *6.  Although Plaintiff may not have received the specific directives sought in her motion, the 2005 Order was certainly more specific and instructive to the ALJ than the proposed Stipulation and Order of Remand.  The timing of the motions to remand persuade this Court to grant Plaintiff's entire request for attorneys' fees.  Moreover, the Court finds the amount of time spent on this case, 35.9 hours, including the time spent on the reply to the instant motion, reasonable.  See Ferguson, 2000 U.S. Dist. LEXIS 7223, at *6 (quoting Cruz v. Apfel, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999)) ("Courts in this jurisdiction have found that generally twenty to forty billable hours are 'reasonably expended' in a Social Security disability benefits case.")

CONCLUSION

For the reasons set forth above, Plaintiff's petition for attorneys' fees and costs are GRANTED. Plaintiff is awarded a total of $5,853.00, comprised of $5,703.00 in attorneys' fees and costs of $150.00. The Clerk of the Court is directed to terminate all pending motions in this action.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         July  21 , 2008